IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:12CR14 |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| PHILLIP FIGURES, | |
| Defendant. | |

This matter is before the court on the defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), Filing No. 100.

This is a motion filed pursuant to Amendment 782 to the United States Sentencing Guidelines, (sometimes called the "drugs minus two" or the "2014 drug guidelines amendment") which reduces the threshold amounts in the drug quantity tables at U.S.S.G. §§ 2D1.1 and 2D1.11, so that most drug quantities have a base offense level that is two levels lower than before the amendment. *See* U.S.S.G. § 1B1.10(d) & (e)(1), p.s. (Nov. 1, 2015). The Sentencing Commission has given retroactive effect to the amendment. *Id.*, U.S.S.G., App. C (Supp.), amendment 788 at 87-88. The court held a hearing on the motion on January 5, 2016. The defendant participated by phone.

The United States Office of Probation ("Probation") has determined that the defendant is eligible for a 10-month reduction in his sentence under the retroactive amendment. *See* Filing No. 98, 2014 Retroactive Sentencing Worksheet at 1. However, Probation also notes that the defendant has had several incidents of misconduct at the Bureau of Prisons ("BOP"), including three assaults and over fifteen

instances of sexual misconduct. *Id.* In addition, he has several failed drug education attempts. The government opposes a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3553(a), based on his conduct at the BOP and his extensive criminal history.

The record shows defendant Figures entered a plea of guilty to possession with intent to distribute crack cocaine. Filing No. 59, Plea Agreement. Under the Guidelines in force at that time, his offense level was 17 and his criminal history category was VI, yielding a guideline range of 51-63 months. Filing No. 87, Revised Presentence Investigation Report ("PSR") at 24. He was sentenced to a term of 51 months imprisonment. Filing No. 89, Judgment on a Criminal Case at 2. Under the new Guidelines, his sentencing range would be 41 to 51 months. Filing No. 98, 2014 Retroactive Sentencing Worksheet (Restricted) at 1.

The defendant has an extensive criminal history. *See* Filing No. 87, Revised PSR at 8-17. His previous crimes include convictions for carrying a concealed weapon, attempted possession of a controlled substance, unauthorized use of a vehicle, theft over $1,500, resisting arrest, felon in possession of a firearm, conspiracy to possess with intent to distribute crack cocaine (a federal conviction, with an ensuing violation of supervised release), possession of a controlled substance and being an inmate in possession of prohibited object (federal conviction). *Id.* He was sentenced to 65 months' imprisonment for his first federal drug trafficking charge. *Id.* at 16. He committed the crime for which he was sentenced in this case while on supervised release for the earlier drug trafficking conviction. *Id.* at 18.

Under 18 U.S.C. § 3582(c)(2), courts conduct a "two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second question, a matter of discretion, is whether an authorized reduction is in fact warranted." *United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (emphasis in original); *see Dillon v. United States,* 560 U.S. 817, 826-27 (2010); *United States v. Vautier*, 144 F.3d 756, 759 (11th Cir. 1998). In determining whether a sentence is warranted, the district court must "consider the § 3553(a) sentencing factors, including the nature, seriousness, and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and any threat to public safety." *United States v. Meridyth*, 573 F. App'x 791, 794 (10th Cir. 2014) (citations omitted); *see United States v. Young*, 555 F.3d 611, 614 (7th Cir. 2009) (§ 3582 "confers upon the district court substantial discretion-within the broad framework of 18 U.S.C. § 3553(a) and assuming consistency with the relevant policy statements of the Sentencing Commission-to decide whether a sentence reduction is warranted"); *United States v. Williams*, No. 12-1339, 2012 WL 5951511, at *1 (7th Cir. Nov. 29, 2012) (finding no abuse of discretion in district court's denial of reduction out of concern for a threat to public safety); *see also* U.S.S.G. § 1B1.10 cmt. n. 1(B)(i) (requiring the court to consider § 3553(a) factors when determining whether to reduce the sentence and to what extent). "In addition to the § 3553(a) factors, the court also must consider the public's safety by taking into account 'the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment' when deciding whether and to what

extent a reduction is warranted." *United States v. Charles*, 618 F. App'x 492, 494 (11th Cir. 2015) (quoting U.S.S.G. § 1B1.10 cmt. n. 1(B)(ii)). The court may consider the defendant's post-sentencing conduct in making the public-safety determination. *Id.*; U.S.S.G. § 1B1.10 cmt. n. 1(B)(iii); *see also United States v. Rivera*, 662 F.3d 166, 170 (2d Cir. 2011) ("In determining whether to modify a sentence, a judge must consider not only the traditional sentencing factors set forth in 18 U.S.C. § 3553(a), but also the post-sentencing behavior of the defendant and any public safety concerns a reduction in sentence would raise.").

Because the government does not dispute that a sentence reduction is authorized in this case, only the second question is at issue here. The court has carefully reviewed the record and finds that the defendant's motion for a sentence reduction should be denied. In view of the defendant's numerous violations at the BOP, a reduction in his sentence would not provide adequate deterrence or promote respect for the law. In considering the history and characteristics of the defendant, the court finds that the defendant has not produced evidence of the sort of rehabilitative steps that would be consistent with Congress's and the Sentencing Commission's goals.

The court agrees with the Government that because of the defendant's extensive criminal history and his troubling post-sentence conduct, there is a need to protect the public. Moreover, the record reflects that the defendant was not subjected to an overly harsh sentence in the first place. A sentence of 51 months—the low end of the then-Guidelines range, despite his recidivist history—is as low as the circumstances warrant, even in light of the lower Guidelines range. Accordingly,

4

IT IS ORDERED that the defendant's motion for a sentence reduction (Filing No. 100) is denied.

Dated this 21st day of January, 2016

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge